IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SERRANO, | ) |
| Plaintiff, | ) Civil Action No. 05 - 1118 |
| v. | ) Judge Thomas M. Hardiman / |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| LOUIS FILINO, Superintendent; THOMAS JACKSON, Deputy Superintendent; MS. DIANA MANSON, Health Care Administrator; DR. STAN FALOR, SCI Greene Medical Doctor; DR. JEFFREY A. BEARD, Secretary of the Department of Corrections; MS. SHARON BURKS, Chief Grievance Officer; DR. PAUL NOEL, Regional Medical Director; JOHN DOE I, Vice President of Health Care Services; JOHN DOE II, Correctional Officer | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff, David Serrano, a prisoner at S.C.I. Fayette, filed a "Motion for Injunction Relief or and Temporary Restraining Relief". The three page motion details an incident where prison officials confiscated a book titled "Early Islam". Plaintiff contends the book was confiscated as a retaliatory action for his naming prison officials in the complaint of this immediate action. Plaintiff also lists various other concerns including "unusual threats", "refusal to case laws", "access to the law library", "refusal of legal materials", "denial of his food" and that officials have "been tampering with the Plaintiff's incoming and outgoing mail". The Court will first outline the burden a moving party assumes when filing for injunctive relief and then address each claim.

In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether

the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party;  and (4) whether granting the preliminary relief will be in the public interest.  American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002).  More specifically with regards to the fourth prong, one seeking a TRO must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001).  It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted).  Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case."  Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977).

   Plaintiff's claim regarding the confiscation of his religious book is not an issue currently before the Court as this case involves claims regarding the medical condition of Plaintiff's knee. While the actions of the prison officials may or may not violate Plaintiff's constitutional rights, simply alleging that the confiscation is in retaliation for filing this lawsuit does not make it an issue to be addressed in this case.

   Many of Plaintiff's other allegations of retaliation consist of vague and unsubstantiated accusations, some of which make little sense.  Plaintiff claims "unusual threats" have been levied against him, but does not clarify who made the threats or what the threats are.  He claims a "refusal

to case laws", a term with which the Court is unfamiliar. His access to the law library and mail tampering claims are too nebulous to address at this time. Correctional facilities have policies and procedures regarding library access as well as the processing of incoming and outgoing mail. Plaintiff's motion does not explain how his restrictions regarding the library differs from standard procedures at the correctional facility nor does it define "tampered" in reference to his mail.

Plaintiff's final allegation is the most perplexing to the Court. Using only the phrase "denial of his food" to assert a claim of retaliation, Plaintiff does little to enlighten the Court as to what he means. Without further elaboration, the "denial of his food" claim is simply too vague to be addressed by the Court.

As already noted, injunctive relief is not granted lightly. Plaintiff's pending motion simply fails to present any claims that rise to a level requiring the intervention of the Court. If Plaintiff were to refile these claims with further substantiation, the Court would revisit the issues. As presented, however, Plaintiff fails to overcome any of the burdens for injunctive relief on any of his claims. Therefore,

**IT IS ORDERED** this 21st day of March, 2006, that Plaintiff's "Motion for Injunction Relief" is **DENIED**.

**AND IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

  s/Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
U.S. Magistrate Judge

cc: David Serrano
 EF 4816
 S.C.I. Fayette
 P.O. Box 9999
 LaBelle, PA  15450-0999