IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SERRANO,<br>        Plaintiff,<br>v.<br><br>LOUIS FOLINO, Superintendent;<br>THOMAS JACKSON, Deputy<br>Superintendent; MS. DIANA<br>MANSON, Health Care<br>Administrator; DR. STAN FALOR,<br>SCI Greene Medical Doctor; DR.<br>JEFFREY A. BEARD, Secretary of<br>the Department of Corrections;<br>MS. SHARON BURKS, Chief<br>Grievance Officer; DR. PAUL<br>NOEL, Regional Medical Director;<br>JOHN DOE I, Vice President of<br>Health Care Services; JOHN DOE<br>II, Correctional Officer,<br>        Defendants. | Civil Action No. 05 - 1118<br><br>Judge Thomas M. Hardiman /<br>Magistrate Judge Lisa Pupo<br>Lenihan<br><br><br>Doc. Nos. 9 & 51 |

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's requests for injunctive relief filed at doc. nos. 9 and 51 be denied.

II.    REPORT

Plaintiff, David Serrano, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against thirteen correctional officials and/or employees at the State Correctional Institution at Greene and the State Correctional Institution at Fayette, complaining that he has been denied the right to seek medical aid in violation of the Eighth Amendment of the United States Constitution. Specifically, Plaintiff alleges that he was denied an operation on his left knee to repair a torn lateral meniscus and that he has not been provided with an adequate knee brace or physical therapy to treat his condition.

In his requests for preliminary injunctive relief, Plaintiff first complains about items confiscated from his cell during the period August 12, 2005 through August 21, 2005, including religious items and legal documents (doc. no. 9). He seeks an injunction against the individuals involved in the confiscation and subsequent misconduct report against him, namely correctional officers Meeker, Switzer, Reposky and Zaken. None of these individuals are named defendants in this action.

He further complains about his confinement in the special management unit at the state correctional institution at Camp Hill. (doc. no. 51). Specifically, he takes issue with the institution's confiscation and subsequent modification of his knee brace. He also complains that his property was not properly accounted for during his transfer from SCI-Fayette to SCI Camp Hill.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant

produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).[1]

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc. , 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than

---

1. These elements also apply to temporary restraining orders. Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986). *Cf*. NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

Plaintiff's requests for injunctive relief cannot be granted for several reasons. First, it appears that his claims for injunctive relief are directed against individuals who are not defendants in this action. Rule 65(d) of the Federal Rules of Civil Procedure specifically provides that an injunction is binding only upon the parties to the action. Thus, Plaintiff's claims for injunctive relief against any non-party to this action cannot be granted. *See* Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 96 F.3d 1390, 1395 (Fed. Cir. 1996) (holding that non-parties to patent infringement suit could not be enjoined from destroying or disposing of allegedly infringing devices).

Second, Plaintiff's requests for preliminary injunctive relief are directed not merely at preserving the status quo; instead, they seek mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S.Ct. 2572, 2578 (U.S. June 28, 2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Finally, Plaintiff's requests for injunctive relief are separate and distinct from the claims he raises in his Complaint and Supplemental Complaint. He has not been granted leave to file another amended complaint to add such claims. To the extent he wishes to pursue such claims, he must file a separate action. Accordingly, his requests for preliminary relief should be denied.

III.     CONCLUSION

It is respectfully recommended that Plaintiff's requests for injunctive relief filed at doc. nos. 9 and 51 be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the

5

date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

February 9th, 2007

cc: Thomas M. Hardiman
United States District Judge

David Serrano
EF 4816
SCI Camp Hill
2520 Lisburn Road
PO Box 598
Camp Hill, PA 17001-0598

Counsel of Record