IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SERRANO,<br>　　　　Plaintiff,<br>v.<br>LOUIS FOLINO, Superintendent; THOMAS JACKSON, Deputy Superintendent; MS. DIANA MANSON, Health Care Administrator; DR. STAN FALOR, SCI Greene Medical Doctor; DR. JEFFREY A. BEARD, Secretary of the Department of Corrections; MS. SHARON BURKS, Chief Grievance Officer; DR. PAUL NOEL, Regional Medical Director; JOHN DOE I, Vice President of Health Care Services; JOHN DOE II, Correctional Officer,<br>　　　　Defendants. | Civil Action No. 05 - 1118<br><br>District Judge Gary L. Lancaster<br><br>Magistrate Judge Lisa Pupo Lenihan<br><br><br>Doc. Nos. 88 & 96 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Noel and Falor (doc. no. 88) be granted. It is further recommended that the Motion for Summary Judgment filed by the Commonwealth Defendants (doc. no. 96) be granted.

**II.     REPORT**

Plaintiff, David Serrano, a state prisoner presently confined at the State Correctional Institution at Camp Hill, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, complaining that he has been denied the right to seek medical aid in violation of the Eighth Amendment of the United States Constitution. Specifically, Plaintiff alleges that he was denied an operation on his left knee to repair a torn

lateral meniscus and that he has not been provided with an adequate brace.

### A. Standard of Review - Summary Judgment

Both the physician Defendants and the Commonwealth Defendants have filed motions for summary judgment pursuant to Fed. Rule Civ. Proc. 56. Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-

moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  The inquiry, then, involves determining " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52).  If a court concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted.  Anderson, 477 U.S. at 249-50.

Instantly, the parties dispute the legal significance of essentially undisputed facts.  Namely, they dispute whether Defendants failed to provide Plaintiff with adequate medical care by failing to provide him with an operation on his left knee to repair a torn lateral meniscus and by confiscating his knee brace after he was transferred SCI-Fayette.

### C. Liability under 42 U.S.C. § 1983

In order to assert liability pursuant to 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff takes issue with the medical treatment he has

3

received for his knee.[1] Specifically, Plaintiff complains that he was denied surgery on his knee and that he was not given an adequate knee brace. Plaintiff's claims concerning his medical treatment invokes the protections of the Eighth Amendment. In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to *objectively* determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as

---

1. While there is some question as to whether Plaintiff fully exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), the Court finds that, with a full record before it, the better course is to rule on the merits of Plaintiff's claims at this juncture.

mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Not all of the defendants can be liable for failure to provide adequate medical care. In this regard, in order to establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

With respect to Plaintiff's claims of inadequate medical treatment, liability can be assessed only against persons with

5

authority to make treatment decisions concerning Plaintiff's medical care, *i.e.*, the decision whether or not he required surgery to fix his torn meniscus. *See* Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004) (holding that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference). With the exception of health care administrators Manson and Tretnik, all of the Commonwealth Defendants are non-medical personnel. Because Plaintiff was under the supervision of medical personnel during the entire relevant time period, his allegations do not support a claim for the denial of adequate medical care against these Defendants. *See* Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (warden and commissioner cannot be considered deliberately indifferent by failing to directly respond to a medical complaint by a prisoner who was receiving treatment by the prison doctors).

With respect to Defendants Manson and Tretnik, health care administrators are not physicians and do not prescribe medications or make decisions regarding the course of treatment prescribed to inmates. As such, courts generally have found that prison health care administrators did not act with "deliberate indifference" when the prisoner plaintiff is receiving treatment from the prison doctor. *See, e.g.* Hemingway v. Falor, 2006 WL 2786866, *4 (3d Cir. Sept. 28, 2006); Miller v. Hoffman, 1999 WL 415397, *11 (E.D. Pa. June 22, 1999) (collecting cases).

6

In the instant action, neither Manson nor Tretnik had any ability to make decisions regarding surgery.[2] Moreover, there is no record evidence that either of these individuals interfered with Plaintiff's prescribed medical treatment for non-medical reasons. Consequently, neither Manson nor Tretnik can be held to have been deliberately indifferent to Plaintiff's medical needs. *Accord* McAleese v. Owens, 770 F.Supp. 255 (M. D. Pa. 1991) (finding that healthcare administrator was entitled to summary judgement because he was not a physician and was unable to assess the reasonableness of the plaintiff's medical treatment).

That leaves Drs. Noel and Falor. The parties acknowledge that Plaintiff suffers from a torn lateral meniscus. Thus, Plaintiff has demonstrated the existence of a serious medical need. Notwithstanding, Plaintiff has failed to demonstrate that any Defendant acted with deliberate indifference to his knee condition.

The "deliberate indifference" standard for purposes of liability under section 1983 is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." *Id*. Moreover, deliberate

---

2. *See* Exhibits E & F (doc. no. 99).

indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the former conduct violates the Eighth Amendment. Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation. Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

The Supreme Court explained the difference between negligence and constitutional claims in Estelle v. Gamble, 429 U.S. 97, 104 (1978). In that case, the prisoner, Gamble, was injured when a bale of cotton fell on him while he was unloading a truck. He went to the unit hospital where a medical assistant checked him for a hernia and sent him back to his cell. He returned to the hospital where he was given pain pills by an inmate nurse and then was examined by a doctor. The following day, his injury was diagnosed as a lower back strain; he was prescribed a pain reliever and a muscle relaxant. Over the course of several weeks, Gamble was seen by several doctors who prescribed various pain relievers and provided him with medical work excuses. Ultimately, despite his protests that his back hurt as much as it had the first day, medical staff certified Gamble to be capable of light work. During the next two months, Gamble received a urinalysis, blood test, blood pressure measurement, and pain and blood pressure medication. Subsequently, a medical assistant examined Gamble and ordered him hospitalized for treatment of irregular cardiac rhythm.

The Supreme Court held that Gamble's allegations failed to state a claim upon which relief could be granted against the

defendant, both in his capacity as a treating physician and as the medical director of the Corrections Department.

> Gamble was seen by medical personnel on 17 occasions spanning a 3-month period . . . . They treated his back injury, high blood pressure, and heart problems. Gamble has disclaimed any objection to the treatment provided for his high blood pressure and his heart problem; his complaint is "based solely on the lack of diagnosis and inadequate treatment of his back injury." The doctors diagnosed his injury as a lower back strain and treated it with bed rest, muscle relaxants and pain relievers. Respondent contends that more should have been done by way of diagnosis and treatment, and suggests a number of options that were not pursued. The Court of Appeals agreed, stating: "Certainly an x-ray of (Gamble's) lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing." <u>But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act</u>.

<u>Gamble</u>, 427 U.S. at 107 (internal citations omitted) (emphasis added).

Like the prisoner in Gamble, Plaintiff at bar has failed to demonstrate that he suffered a constitutional violation, a prerequisite for recovery under 42 U.S.C. § 1983. Plaintiff's medical records indicate that he received extensive medical treatment for his knee.[3] He received several x-rays of his knees

---

3. *See* Appendix to Statement of Facts, including X-Ray Reports and Physicians Reports and Orders (doc. no. 92).

and was ordered consultations with a physical therapist, orthotist and orthopedic surgeon to fully assess his needs. While an intentional refusal to provide <u>any</u> medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere.[4] A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." <u>Layne v. Vinzant</u>, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims as there are typically several acceptable ways to treat an illness. <u>White v. Napoleon</u>, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). *Accord* <u>Young v. Quinlan</u>, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983).

---

4 *See, e.g.*, <u>Dias v. Vose</u>, 960 F.2d 143 (1st Cir. 1991); <u>United States v. DeCologero</u>, 821 F.2d 39, 42 (1st Cir. 1987) ("though it is plain that an inmate deserves adequate medical care, he cannot insist that his institutional host provide him with the most sophisticated care money can buy"); <u>Ferranti v. Moran</u>, 618 F.2d 888, 891 (1st Cir. 1980) (a dispute over the exercise of professional medical judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation); <u>Layne v. Vinzant</u>, 657 F.2d 468, 474 (1st Cir. 1981) (where the dispute is over the adequacy of the medical treatment, federal courts should be reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law).

To survive Defendants' motions for summary judgment, Plaintiff is required to point to some evidence to show that Defendants knew or were aware of a substantial risk of serious harm to Plaintiff. Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Specifically, there is no record evidence that suggests that any Defendant knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it or that he had any reason to know that he faced any substantial harm. Moreover, Plaintiff has failed to demonstrate that he suffered any harm as a result of Defendants' actions. While Plaintiff wanted surgery, none of the many experts who reviewed Plaintiff's knee condition thought it necessary. Thus, Defendants are entitled to summary judgment as to Plaintiff's claims alleging inadequate medical treatment. *See* Brandner v. First Correctional Medical, 167 Fed. Appx. 328, 2006 WL 358512 (3d Cir. 2006) (holding that medical treatment consisting of MRI of knee yielding normal results did not evidence deliberate indifference); Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995) (a disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under section 1983 only under exceptional circumstances); Monmouth, 834 F.2d at 346 (deliberate indifference may be shown only where prison officials have actual knowledge of the need for treatment, yet intentionally refuse to provide any appropriate care).

The same is true for Plaintiff's claim regarding confiscation of his knee brace. In this regard, when Plaintiff

first experienced problems with his knee, he was prescribed a knee brace that contained metal rods for stabilization. When Plaintiff was housed in a restricted housing unit, the metal rods were replaced with plastic ones for security reasons. When Plaintiff was transferred to SCI-Fayette in early 2005, he was placed in the Long Term Segregation Unit (LTSU) and his brace was confiscated for a security review. Plaintiff was offered a non-hinged replacement knee brace that did not have the plastic mobilizing bars or stabilizing straps. Plaintiff refused to accept this brace and filed several Inmate Requests complaining about the supposedly inadequate knee brace. The responses to his inmate request informed him that hinged braces were necessary only for sports type activities but not needed for exercising in the L-5 yard (doc. no. 7, p. 22). He further was informed that the issue would be reassessed if he was placed in general population. Subsequently, Plaintiff was given the use of a hinged brace that was held by security for Plaintiff's use during yard.

Plaintiff has not submitted any evidence showing that Defendants' actions in regard to his knee brace constituted deliberate indifference. Specifically, he has not shown that any Defendant disregarded a substantial risk of harm and failed to take reasonable measures to abate it. Consequently, Defendants are entitled to summary judgment as to this claim as well.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion for Summary Judgment filed by Defendants Noel and Falor (doc. no. 88) be granted. It is further

recommended that the Motion for Summary Judgment filed by the Commonwealth Defendants (doc. no. 96) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

 

_____
Lisa Pupo Lenihan
February 15, 2008          U.S. Magistrate Judge

cc: Gary L. Lancaster
    United States District Judge

    David Serrano
    EF 4816
    SCI Camp Hill
    2520 Lisburn Road
    PO Box 598
    Camp Hill, PA 17001-0598